Wyckoff v. Hulse.

JOHN H. WYCKOFF, guardian, appellant,

*v.*

MARY E. HULSE and others, respondents.

The order of the prerogative court to answer petition of appeal, is an order of course, but it is not to be taken until after the transcript shall have been filed.

On appeal from alleged decree of Monmouth orphans' court.  Motion on the part of respondents to set aside order requiring them to answer petition of appeal, and to dismiss the appeal.

*Mr. C. Robbins*, for the respondents.

*Mr. G. C. Beekman*, for the appellant.

THE ORDINARY.

This appeal brings up for review the proceedings of the orphans' court of Monmouth county upon the final accounts of the appellant as guardian of the respondents.  These accounts were excepted to by the respondents, and the exceptions were tried.  On the 22d of September, 1876, the

court having requested the surrogate to attend in order to make a minute of their decision, (and his deputy attending accordingly,) orally announced their decision.   A minute of it was made by the deputy; but he, in order that he might have a more accurate note of the decision than that which he had made, requested the presiding judge to give to him the written memorandum used by the former in announcing the decision.   The judge gave it to him accordingly.   No decree was made or entered in pursuance of the decision. On the 6th of December, 1876, the appellant demanded an appeal to this court from the order or decree of the orphans' court, in the matter of the accounts of the appellant as guardian of the respondents, and gave notice of appeal from all the decrees of the orphans' court, on exceptions to his accounts as guardian of the respondents.   After filing his petition of appeal in this court, he applied here, without notice to the respondents, for an order requiring the surrogate to transmit to this court the transcript of the proceedings, and requiring such of the respondents as were minors to procure the appointment of guardians *ad litem*, in twenty days from the time of filing the petition of appeal, and requiring the adult respondents to file their answer to the petition of appeal in twenty days after service of a copy of the petition and of that order upon them, or that the appellant be heard *ex parte*.   The order was made.   The respondents insist that it was irregular, because it was made without notice to them, and they move to set it aside for that cause.   The order was, under the rule, in all respects an order of course, and no notice was necessary.   It was premature, however, because the transcript had not then been filed.   The appellant is, by the provision of the rule, entitled to the order requiring the respondent to answer the petition of appeal after the petition of appeal and the transcript shall have been filed.   The order, therefore, was irregular, and will be set aside.   This appeal must be dismissed.   The transcript does not show that any order, sentence or decree, was made upon the exceptions. There is an entry upon the record that the court delivered

Wyckoff *v.* Hulse.

a verbal decision in the matter, but no order, sentence or decree was made. The surrogate attaches to the record, after his certificate thereto, a copy of the above-mentioned memorandum of the presiding judge, and certifies that he " did not understand that it was to be filed in his office as one of the papers in the cause, and that it was not so filed by him or by his clerk, but was placed with the papers and accounts in his office in the cause, and has remained in his office with said papers since the day it was so received from the presiding judge." The evidence taken on this subject makes it clear that the memorandum was not intended to to be delivered to the surrogate, but was intended merely for use by the presiding judge in announcing the decision of the court. Besides, the orphans' court voluntarily certify to this court that that paper is not an order or decree, and was never intended to be such; that the opinion of the court was delivered orally, that paper being used as a memorandum, and having been made and used merely for that purpose; that no order or decree of the court in the matter has as yet been signed by the court or the presiding judge, and that the memorandum was not intended as a part of the record or files in the cause, or to be filed in the surrogate's office, but only to be used by counsel in drawing the order for the surrogate to restate the accounts. When the appeal was taken there was no order or decree upon the exceptions from which to appeal. The appeal must therefore be dismissed. The appellant's counsel, however, was misled as to the character of the memorandum by that paper itself. He found it with the papers in the suit apparently on file, and it was shown to him by the surrogate as the decision of the court without any statement as to its true character. It was entitled in the cause, and was signed by the presiding judge as such, and it specifically declared the view of the court on the questions submitted. He might easily have mistaken it for a decree. The appellant, therefore, will not be required to pay costs of the dismissal. He must pay the costs of the motion to set aside the order to answer.